Curia, per
Richardson, J.
Considerable efforts have been made to bring this case within the established exception to the general rule, that a sound price warrants sound property ; by reason of notice to the purchaser. It was submitted with full and clear instruction by the Court, and the verdict verifies these facts : That a sound price was paid for Philander, that there was an implied warranty of soundness, and that Philander died of a disease disconnected with the fall; to which disease the implied warranty extended. Do the facts, then, and the law of the case warrant the inference that the jury have been mistaken ? The notice received that the negro had sustained a fall, to which his short breathing was ascribed, was scarcely a reasonable intimation that such short breathing might arise from some fatal malady, so as to put Venning on his guard. Such notice, coupled with the supposed accidental cause, might rather detract from *90 his suspicion, that it had a more permanent and fatal source in some disease unknown to the seller or purchaser.
This case is very unlike that of Vance vs. Williams, (Dudley R. 97.) There notice of the danger was given, and the reason assigned for apprehension of the very disease which .caused the negro’s death. Nor is it like the case of Lyles vs. Bass, (supra, p. 85,) decided at this term. Bass bought ;at a sound price, but, as he expressed it, on his own look out, after explicit notice that she was very sickly. These two cases plainly illustrate the reason of the exceptions to the rule, that a sound price warrants sound, property. The exception has place where the purchaser has been fairly put .upon his guard, so as to make the consequences that follow, bis own risk. This being the essential ground of the de-fence in the case before us, can we infer that the jury were mistaken in concluding that the notice to Venning was not .sufficient 1 Could notice of an affection ascribed to an accidental cause put any but a very suspicious mind on its guard against chronic, constitutional disease 1 Besides, the vender’s total ignorance of Philander having dropsy, or disease of the lungs, renders it the more probable that the plaintiff was .not set upon his guard against them. They were unsuspected; and the short breathing of the negro was attributed to the fall.
It may be justly added, too, that, the notice to Venning 'being equivocal, whether it was sufficient to put him on his guard generally, is necessarily a part of the case decided by .■the jury. And they have, by their verdict, negatived the inference of fair notice to Venning, which was essential to the defence.
Upon the whole case then, the Court considers it well submitted to the jury, and legally disposed of, by the proper tribunal under the now well established doctrine of Timrod vs. Shoolbred, (1 Bay R. 324.)
Motion dismissed;
Earle and Butler, JJ. concurring.
Bentham Sf Hunt for the motion; Yeadon, contra.